T. BURKE WONNELL
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907)276-8008, (f)(907)278-8571

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-CR-55-1 RRB |
| | ) |
| Plaintiff, | ) **SENTENCING MEMORANDUM** |
| | ) |
| vs. | ) |
| | ) |
| TYLER CHRISTIAN BARTHOLOMEW, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Pursuant to a plea agreement filed separately, Defendant pled guilty to a single count of conspiracy. The conspiracy count carries a mandatory minimum ten year sentence of imprisonment.

I.  Sentencing Factors

Under 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

   (1) the nature and circumstances of the offense and the
   history and characteristics of the defendant;
   (2) the need for the sentence imposed-
      (A) to reflect the seriousness of the offense, to
   promote respect for the law, and to provide just punishment
   for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the
   defendant; and
      (D) to provide the defendant with needed educational
   or vocational training, medical care, or other correctional
   treatment in the most effective manner;

    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for-
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
            (i) issued by the Sentencing Commission . . .
    (5) any pertinent policy statement-
        (A) issued by the Sentencing Commission . . .
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II. Argument

Pursuant to 18 U.S.C. §3553(a)(4), the Court should consult the appropriate sentencing guideline range when fashioning a sentence. Probation has suggested that a two level enhancement for possession of a firearm should be applied. The parties agree that the available evidence fails to support the requisite finding by a preponderance. Based upon an adjusted offense level of 29 and a Criminal History category of I, Defendant's guideline sentencing range is 108-135 months. Since Defendant's mandatory minimum sentence is 120 months, and in the absence of any factors which would necessitate a sentence in excess of the

mandatory minimum, the Court ought to impose a sentence of 120 months.

### III. CONCLUSION

Since the mandatory minimum 120 months is in the middle of the otherwise appropriate guideline sentencing range, such a sentence is authorized and appropriate under 18 U.S.C. §3553 and ought to be imposed by the Court.

RESPECTFULLY SUBMITTED this 4th day of January, 2007.

        By: s/ T. Burke Wonnell  
        CJA Counsel for Defendant  
        Tyler Christian Bartholomew  
        2600 Denali St., Suite 460  
        Anchorage, AK 99503  
        Phone: (907)276-8008  
        E-mail: tburkewonnell@alaska.net  
        AK Bar No. 9610049

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were sent by mail to:

Patricia A. Wong (faxed)  
David A. Nesbett, Esq.

this 4th day of January, 2007.

_____s/ T. Burke Wonnell_____  
T. BURKE WONNELL